WENTWORTH, Judge.
Appellant appeals his guideline sentence, contending that the scoring of thirty points for legal status at the time of his arrest was incorrectly tabulated on his guideline scoresheet. We affirm the order of the trial court because we conclude that appellant was under “legal constraint” within the terms of the rule, infra, at the time of his arrest.
In 1977 appellant was placed on probation for three years for the offense of receiving stolen property. During the probationary period, he entered military service and his probation orders were modified, providing that upon completion of his service he was to report to a probation officer in Miami. When appellant terminated his military service he apparently failed to notify any probation officer of his discharge. A warrant for violation of probation (VOP) was signed on March 22, 1979, but appellant was not arrested on the charge.
In 1986 appellant was arrested and charged with sexual battery. Following this arrest and prior to his plea of nolo contendere to the charge of attempted sexual battery, appellant was arrested on the VOP charge. However, five days later the state withdrew the affidavit of VOP and the court entered an order terminating appellant’s probation.
At the sentencing hearing on the battery charge, defense counsel objected to the scoring of thirty points for appellant’s legal status at the time of the offense. The trial court held that the VOP warrant, outstanding at the time of appellant’s arrest for sexual battery, was evidence that appellant was under “legal constraint” in accordance with Rule 3.701(d)(6), Fla.R.Crim.P., and that the thirty points were therefore correctly included in the scoresheet. We affirm.
Rule 3.701(d)(6) defines legal status for the purpose of guideline sentencing as “offenders on parole, probation, or community control; in custody serving a sentence; escapees; fugitives ... who have failed to appear for a criminal judicial proceeding ... and offenders in pretrial intervention or diversion programs” (e.s.).[1] Section 948.04(2), Florida Statutes, provides that “[djuring the period of probation, the probationer shall perform the terms and conditions of his probation,” and “[u]pon the termination of the period of probation, the *737 probationer shall be released from probation and is not liable to sentence for the offense for which probation was allowed.” (e.s.) We conclude that the statutory reference to “termination” of the probationary period does not apply simply to lapse of the stated time, but instead, in light of the mandatory language directing that the probationer shall perform the conditions of his probation, the statute should be construed to require that the probationer successfully complete the prescribed probationary conditions and terms in order to terminate his probation by operation of law for purposes of legal constraint status under the sentencing guidelines. In this case, the outstanding VOP warrant is evidence that appellant’s term of probation had not terminated successfully or legally until, following appellant’s arrest on the battery charge, the state withdrew its affidavit of VOP and the court’s order terminated appellant’s probation. Since under section 948.04(2) appellant had not met the conditions of his probation, and was still under that constraint at the time of his arrest on the battery charge, thirty points for his legal status were correctly scored on the guidelines scoresheet under the applicable provisions of the rule.
AFFIRMED.
MILLS and NIMMONS, JJ., concur.

. Rule 3.988(b) contains as a part of the prescribed scoresheet the provision:
IV. Legal Status at time of offense
No restrictions o
Legal constraint 30