898 F.2d 148
 29 Fed. R. Evid. Serv. 976
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Linda Lou GERMAN, Defendant-Appellant.
 No. 89-5121.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 9, 1989.
Decided: March 6, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. John T. Copenhaver, Jr, District Judge. (CR-88-212-3)
 W. Michael Frazier, Frazier & Oxley, L.C., Huntington, W.Va., for appellant.
 Michael W. Carey, United States Attorney; Joseph F. Savage, Jr., Assistant United States Attorney, Huntington, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before DONALD RUSSELL, WIDENER and WILKINSON, Circuit Judges.
 Affirmed by unpublished per curiam opinion.
 PER CURIAM:
 
 
 1
 This appeal results from a jury conviction of the appellant/defendant, Linda Lou German, on the charge of kidnapping in violation of 18 U.S.C. Sec. 1201. Pursuant to the Federal Sentencing Guidelines [May 5, 1988] as promulgated by the United States Sentencing Commission under 18 U.S.C. Sec. 994(a), the defendant was sentenced to a term of 102 months incarceration.
 
 
 2
 The sole issue presented at trial was whether the defendant should have been found not guilty by reason of insanity. The jury found that the defendant was not legally insane at the time of the kidnapping. On appeal, the defendant argues, inter alia, that the district judge erred in excluding the defense expert's opinion as to the ultimate facts of the insanity defense--whether the defendant was able to understand the wrongfulness of her actions, or whether the defendant was not able to form the requisite mental state for the crime. This evidence was excluded pursuant to Federal Rule of Evidence 704(b). The appellant argues that this application of Rule 704(b) violates the defendant's due process right to introduce exculpatory evidence. We disagree, and for the reasons stated below, affirm the defendant's conviction and the sentence she was given. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 I.
 
 3
 Contrary to the appellant's assertion, Rule 704(b) does not exclude any evidence regarding the sanity of a defendant.* Hence, there can be no violation of a defendant's due process rights. This was made clear by this Court in United States v. Mest, 789 F.2d 1069 (4th Cir.), cert. denied, 479 U.S. 846 (1986), where we held that Rule 704(b) is procedural because it only excludes an expert's conclusion as to whether the defendant was insane under the applicable legal test. It is the ultimate determination which is excluded because the ultimate determination is a question to be determined by the jury under the applicable standards for insanity. More specifically, we stated in Mest:
 
 
 4
 [T]he change in the rules of evidence effected by the enactment of Rule 704(b) does not receive less or different testimony in order to convict the offender but, rather, changes the style of question and answer that can be used to establish both the offense and the defense thereto. Every actual fact concerning the mental condition of the defendant presentable by the defense's psychiatrist or, for that matter, the government's psychiatrist is still as admissible and as required after the enactment of 704(b) as before. The change, rather, is to whether either of these categories of witnesses can instruct the trier of fact (in this instance, the jury) as to what its findings should be on the factual questions about which the witness could before and can now testify.
 
 
 5
 789 F.2d at 1071-72. We further noted that Rule 704(b) was enacted because of the past confusion that was created when opposing experts were allowed to testify "to directly contradictory conclusions as to the ultimate legal issue to be found by the trier of fact." Id. at 1072, n. 2. If Rule 704(b) did not exist, this is exactly what would have happened in the case at bar.
 
 
 6
 Thus, since no evidence was excluded, there can be no due process violation of the defendant's rights.
 
 II.
 
 7
 In addition, the appellant appeals two matters relating to her sentencing under the Guidelines. These do not give us great pause.
 
 
 8
 First, in the computation of her sentence, the defendant was assigned two points in her Criminal History Category because of an outstanding warrant for her arrest in Florida. In Florida, the defendant had been previously convicted on worthless check charges. As part of her Florida sentence, appellant received a term of probation that would have expired before she committed the instant kidnapping. However, she violated the terms of her probation and left Florida. She is subject to arrest upon her return to that state.
 
 
 9
 It is Section 4A1.1(d) of the Guidelines that is at issue. It allows two points to be added when figuring a defendant's Criminal History Category "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." The appellant argues that since her parole period expired before the kidnapping, that she is not covered by Section 4A1.1(d). Florida law indicates that the offender must complete all of the terms and conditions of parole in order to be released from parole. Otherwise, the parole is not terminated by the mere passage of the parole time period. See Fla.Stat. Sec. 948.04(2) (1989); Oliver v. State, 517 So.2d 735 (Fla.Dist.Ct.App.1987). Hence, the appellee was under parole in Florida as it is defined in Florida, and the criminal history points were properly added in computing her sentence.
 
 
 10
 Finally, the district judge upwardly adjusted the appellant's Offense Level because he found that the defendant had obstructed justice in the development of this case. The appellant claims that this finding was clearly erroneous. Yet, the record indicates that the appellant constantly misrepresented the facts regarding the kidnapping and her own criminal history to the FBI, government doctors and her own expert before the trial. Hence, the appellant's contention is without merit.
 
 The judgment of conviction is
 
 11
 AFFIRMED.
 
 
 
 *
 Rule 704(b) provides:
 No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.